**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BARAK CHACOTY**, *et al.*, | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| v. | § | |
| | § | |
| **JOHN FORBES KERRY**, | § | |
| Secretary of State, Department | § | |
| Of State, | § | |
| | § | |
| **MICHAEL ALAN RATNEY**, | § | |
| Consul General | § | |
| of the United States, Jerusalem, | § | |
| Israel, | § | CAUSE NO. _____ |
| | § | |
| **NAMES UNKNOWN**, United States | § | |
| Consular Officials, in their official and | § | |
| individual capacities, and | § | |
| | § | |
| **THE UNITED STATES OF AMERICA**, | § | |
| | § | |
| **DEFENDANTS.** | § | |
| _____ | § | |

## <u>PLAINTIFFS' ORIGINAL COMPLAINT</u>

TO THE HONORABLE U.S. DISTRICT JUDGE:

### INTRODUCTION AND SYNOPSIS

American citizenship is the "right to have rights.[1]"  Defendants have denied Plaintiffs'

statutory right to American citizenship.  For decades, Defendants have applied the statute in the

---

[1] "Citizenship *is* man's basic right for it is nothing less than the right to have rights."  *Perez v. Brownell*, 356 U.S. 44, 64 (1958)(Chief Justice Warren, dissenting); *overruled* by *Afroyim v. Rusk*, 387 U.S. 253 (1967).

ways described below to *grant* citizenship.[2] Suddenly, without any statutory change, regulatory guidance or caselaw command, Defendants have changed course 180 degrees, *denying* citizenship to Plaintiffs under facts identical to those in which, years past, citizenship was freely granted.[3]

The purpose of this lawsuit is to ask this Honorable Court to cause Defendants to correct their grievous error.

## PRELIMINARY STATEMENT

1. Plaintiffs file this action to stop Defendants from continuing their wilful, deliberate and wrongful application and execution of Section 301(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1401(c). Specifically, Plaintiffs allege that Defendants wrongfully denied U.S. citizenship to which Plaintiffs were and are entitled under INA Sec. 301(c).

## PARTIES

2. Plaintiff, Mr. Barak Chacoty, is a United States citizen, whose address is Israel Medad 27, Jerusalem, Israel on behalf of Aviv Chacoty, Maton Chacoty, Eylon Chacoty, and Lavi Chacoty all Israeli citizen minors. Mr. Barak Chacoty is the father of Aviv Chacoty, Maton Chacoty, Eylon Chacoty, and Lavi Chacoty.

3. Plaintiff, Mrs. AdaGelske Edith Chacoty is a United States citizen, whose address is Israel Medad 27, Jerusalem, Israel on behalf of Aviv Chacoty, Maton Chacoty, Eylon Chacoty, and Lavi Chacoty all Israeli citizen minors. Mrs. AdaGelske Edith Chacoty is the mother of

---

[2] *See generally*, Isaacson, Correcting Anomalies in the United States Law of Citizenship by Descent, 47 Ariz. L. Rev. 313 (Summer 2005).
[3] *See, e.g.,* "State Department Ratchets Up INA 301(c) 'Residence' Fight," posted on the LexisNexis Immigration Law Legal Newsroom on Feb. 17, 2012 at: http://www.lexisnexis.com/legalnewsroom/immigration/b/insidenews/archive/2012/02/17/state-department-ratchets-up-ina-301-c-residence-fight.aspx

Aviv Chacoty, Maton Chacoty, Eylon Chacoty, and Lavi Chacoty.

4. Plaintiff, Mr. Issachar Spector, is a United States citizen, whose address is Uziel 34/6, Jerusalem, Israel on behalf of Shlomo Spector, an Israeli citizen minor.  Mr. Issachar Spector is Shlomo Spector's father.

5. Plaintiff, Mrs. Rivka Spector, is a United States citizen, whose address is Uziel 34/6, Jerusalem, Israel on behalf of Shlomo Spector, an Israeli citizen minor.  Mrs. Rivka Spector is Shlomo Spector's mother.

6. Plaintiff, Mr. Ittai Shulem, is a United States citizen, whose address is Zevin Street 12/3, Neve Yaacov, Jerusalem, Israel on behalf of Yehuda Shulem and Daniel Shulem Israeli citizen minors.  Mr. Ittai Shulem is Yehuda Shulem and Daniel Shulem's father.

7. Plaintiff, Mrs. Nechama Shulem, is a United States citizen, whose address is Zevin Street 12/3, Neve Yaacov, Jerusalem, Israel on behalf of Yehuda Shulem and Daniel Shulem Israeli citizen minors.  Mrs. Nechama Shulem is Yehuda Shulem and Daniel Shulem's mother.

8. Plaintiff, Mr. Binyamin Kop, is a United States citizen, whose address is Mitzpe Kranine, Kochav HaShachar, Israel on behalf of Iyar Yehoshua Kop and Adam Kop Israeli citizen minors.  Mr. Binyamin Kop is Iyar Yehoshua Kop and Adam Kop's father.

9. Plaintiff, Mrs. Aderet Kop, is a United States citizen, whose address is Mitzpe Kranine, Kochav HaShachar, Israel on behalf of Iyar Yehoshua Kop and Adam Kop Israeli citizen minors.  Mrs. Aderet Kop is Iyar Yehoshua Kop and Adam Kop's mother.

10. Plaintiff, Mr. Yehoshua Mayerson, is a United States citizen whose address is P.O.B. 60, Tekoa, Israel on behalf of Noam Mayerson an Israeli citizen minor.  Mr. Yehoshua

Mayerson is Noam Mayerson's father.

11. Plaintiff, Mrs. Hadasa Mayerson, is a United States citizen whose address is P.O.B. 60, Tekoa, Israel on behalf of Noam Mayerson an Israeli citizen minor.  Mrs. Hadasa Mayerson is Noam Mayerson's mother.

12. Plaintiff, Kayla Lea Sitzman, is an Israeli citizen, whose address is 8 Ohr HaChaim, Kiryat Sefer, Israel.

13. Plaintiff, Chana Golda Sitzman, is an Israeli citizen, whose address is 8 Ohr HaChaim, Kiryat Sefer, Israel.

14. Plaintiff, Mr. Eliyahu Meiselman, is a United States citizen, whose address is Ezras Torah 30/2, Jerusalem, Israel on behalf of Esther Meiselman an Israeli citizen minor.  Mr. Eliyahu Meiselman is Esther Meiselman's father.

15. Plaintiff, Mrs. Yehudis Gruner Meiselman, is a United States citizen, whose address is Ezras Torah 30/2, Jerusalem, Israel on behalf of Esther Meiselman an Israeli citizen minor.  Mrs. Yehudis Gruner Meiselman is Esther Meiselman's mother.

16. Plaintiff, Mr. Yeshurun Saadia, is a United States citizen whose address is Nofei Mamre 246/2, Kiray Arba, Israel on behalf of Avichai Saadia an Israeli citizen minor.   Mr. Yeshurun Saadia is Avichai Saadia's father.

17. Plaintiff, Mrs. Ester Saadia, is a United States citizen whose address is Nofei Mamre 264/2, Kiray Arba, Israel on behalf of Avichai Saadia an Israeli citizen minor.  Mrs. Ester Saadia is Avichai Saadia's mother.

18. Plaintiff, Mr. Ben Zion Becker, is a United States citizen whose address is Rabbi Yochanan Ben Zakai 12/2, Beitar Illit, Israel on behalf of Elisheva Becker, Shira Esther Becker, and

Naomi Becker Israeli citizen minors.  Mr. Ben Zion Becker is Elisheva Becker, Shira Esther Becker, and Naomi Becker's father;

19. Plaintiff, Mrs. Toby Miriam Becker, is a United States citizen whose address is Rabbi Yochanan Ben Zakai 12/2, Beitar Illit, Israel on behalf of Elisheva Becker, Shira Esther Becker, and Naomi Becker Israeli citizen minors.  Mrs. Toby Mirian Becker is Elisheva Becker, Shira Esther Becker, and Naomi Becker's mother.

20. The previously identified plaintiffs will be referred to hereinafter collectively as the "Plaintiffs".

21. Defendant, John Forbes Kerry, is the Secretary of State.  He oversees all operations of the Department of State, including those of the American Consulate in Jerusalem, Israel, whose violation of Plaintiffs' rights required this action.  He is named in his official capacity only.

22. Defendant, Michael Alan Ratney, is the Consul General of the United States in Jerusalem, Israel, whose violation of Plaintiffs' rights has required this action.  Defendant Ratney is responsible for all operations of that post, and has ministerial responsibility to adjudicate Consular Reports of Birth Abroad.  He is named in his official capacity only.

23.  Defendants, Names Unknown, are employees of the American Consulate in Jerusalem, Israel whose violations of Plaintiffs' rights and deliberate disregard and misapplication of relevant law have required this action.  They are named in their official and individual capacities.  Defendant, United Sates of America, is a sovereign nation responsible for the enforcement of the immigration laws through *inter alia*, officers, agents, and employees of the Department of State.

24.

**JURISDICTION**

25. Jurisdiction over this action is conferred by 28 U.S.C. section 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; by 28 U.S.C. section 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; by 5 U.S.C. section 701, *et seq.*, as a suit to compel agency action unlawfully withheld, under the Administrative Procedures Act ("APA"); and by 28 U.S.C. sections 2201 and 2202, as a civil action seeking, *inter alia*, a declaratory judgment.

**VENUE**

26. Venue lies in this district under 28 U.S.C. § 1391(e), because the United States is a defendant in this case and a substantial part of the events giving rise to the present claim occurred within this judicial district.

**STANDING**

27. The APA affords a right of review to one "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.   Defendants' wilful, deliberate, and wrongful application of applicable law violates Plaintiffs' rights, including their fundamental liberties, which are protected by due process.

**FACTUAL AND LEGAL BACKGROUND**

28.  An individual born outside of the United States to two United States citizens can claim United States citizenship by applying for a Consular Report of Birth Abroad ("CRBA") of a Citizen of the United States.  Plaintiffs, through Section 301(c) of the Immigration and Nationality Act (INA) codified as Title 8, United States Code, Section 1401(c), have all

either applied for their minor children to become United States citizens or have had an application to become a United State citizen submitted and processed by the United States General Consulate in Jerusalem, Israel.

29. As of the date of this complaint, Plaintiffs Kayla Lea Sitzman and Chana Golda Sitzman had their Consular Report of Birth Abroad revoked by the United States Consulate General in Jerusalem, Israel.

30. All remaining Plaintiffs have had their application for Consular Report of Birth Abroad of a Citizen of the United States, whether submitted on their behalf or submitted on behalf of their minor children, denied by Defendants Names Unknown at the Consulate General in Jerusalem, Israel.

31. Plaintiff Chana Golda Sitzman had her Consular Report of Birth Abroad revoked on August 7, 2010.  After a timely appeal, the decision was affirmed on February 9, 2012 by the Department of State.

32. Plaintiff Kayla Lea Sitzman had her Consular Report of Birth Abroad revoked on August 7, 2010.  After a time appeal, the decision was affirmed on February 9, 2012 by the Department of State.

33. Plaintiff Mr. Issachar Spector and Plaintiff Mrs. Rivka Spector had the application submitted on behalf of their child Shlomo Spector denied on May 14, 2012.

34. Plaintiff Mr. Binyamin Kop and Plaintiff Mrs. Aderet Kop had the application submitted on behalf of their children Iyar Yehoshua Kop and Adam Kop denied on October 29, 2010.

35. Plaintiff Mr. Barak Chacoty and Plaintiff Mrs. AdaGelske Edith Chacoty had the application submitted on behalf of their children Aviv Chacoty, Maton Chacoty, Eylon Chacoty, and

Lavi Chacoty denied on June 16, 2009.

36. Plaintiff Mr. Ittai Shulem and Plaintiff Mrs. Nechama Shulem had the application submitted on behalf of their children Yehuda Shulem and Daniel Shulem denied on November 15, 2007.

37. Plaintiff Mr. Yehoshua Mayerson and Plaintiff Mrs. Hadasa Mayerson had the application submitted on behalf of their child Noam Mayerson denied on February 25, 2008.

38. Plaintiff Mr. Eliyahu Meiselman and Plaintiff Mrs. Yehudis Gruner Meiselman had the application submitted on behalf of their child Esther Meiselman denied on October 25, 2012.

39. Plaintiff Mr. Yeshurun Saadia and Mrs. Ester Saadia had the application submitted on behalf of their child Avichai Saadia denied on September 30, 2013.

40. Plaintiff Mr. Ben Zion Becker and Plaintiff Mrs. Toby Miriam Becker had the application submitted on behalf of their children Elisheva Becker, Shira Esther Becker, and Naomi Becker denied on November 17, 2008.

41. The underlying reason for the denials and revocations has been Defendants Names Unknown determination that one of the petitioning United States citizen parent has not satisfied the "residence" requirement included in Section 301(c) of the Immigration and Nationality Act (INA) codified as Title 8, United States Code, Section 1401(c), an element needed for a favorable adjudication of an application for a Consular Report of Birth Abroad.

42. Defendants Names Unknown were denying and revoking the Consular Report of Birth Abroad on grounds that the United States Citizen parent had not satisfied the "residence" requirement of 8 U.S.C. § 1401(c) and 8 U.S.C. § 1401(c).  In the denial letters, Defendants

and Defendants Names Unknown claimed that the United States Citizen parents' activities in the United States where not deemed as the activities of someone residing in the United States.

43. For example, the Consulate General of the United States of America Jerusalem June 16, 2009 Letter addressed to Mr. and Mrs. Barack S. Chacoty states as follows: "The activities described in these affidavits are the normal activities in which a person engages while on visit. There is no indication that the United States was ever the place of general abode."

44. The Consulate General of the United States of America Jerusalem May 14, 2012 Letter addressed to Mr. Spector states as follows: "Based on a thorough review of the information contained in your application . . . it has been determined that your child did not acquire U.S. citizenship at birth because neither you nor your wife had a 'residence' in the United States prior to the child's birth."

45. The Final Administrative Decision of the United States Department of State Pursuant to 22 C.F.R. 51.74 in the Matter of the Revocation of Consular Reports of Birth Abroad Issued to Chana Golda Sitzman and Kayla Lea Sitzman states as follows: "The sole issue for decision at the revocation hearing was whether there was sufficient evidence to prove that Mrs. Sitzman's visits to the United States constituted residence . . . Reviewing the evidence presented here, it is my determination that the character of Mrs. Sitzman's visits to the United States does not constitute "residence" within the meaning of INA 301(c)."

46. Plaintiffs assert that the underlying basis and reasons used to deny and revoke the Consular Reports of Birth Abroad are unfounded and unsubstantiated as they lack legal basis.

47. Examples of the dispute at the heart of this case, and brewing within the State Department

itself, are Attachments A and B.  Attachment A is a lengthy decision by State Department Consular Officer Marlan C. Walker, discussing in detail the law of "residence" for CRBA purposes.  Attachment B is a cursory and superficial Feb. 9, 2012 decision by Deputy Assistant Secretary for Passport Services Brenda S. Sprague, overturning Mr. Walker's decision.  Plaintiffs assert that the Walker analysis is correct, and that the Sprague decision is legally erroneous.

48. Plaintiffs assert that the Defendants' updates to the FAM (Foreign Affairs Manual) are unfounded and non-compliant with the Defendants' own internal guidelines as laid out in the Department of State's Foreign Affairs Handbook (hereinafter referred to as "FAH" or the "handbook").  Both the FAM and the FAH are available online at: http://www.state.gov/m/a/dir/regs/.

49. The FAM "…is an internal guideline that sets forth agency practice and procedures. Because internal guidelines and agency manuals like the Foreign Affairs Manual are not subject to APA rulemaking procedures, they *lack the force of law and do not bind agency discretion*. … [S]ee also Scales v. Immigration and Naturalization Serv., 232 F.3d 1159, 1166 (9th Cir. 2000) (noting that *the Foreign Affairs Manual lacks the force of law* because it does not constitute an agency interpretation "arrived at after, for example, a formal adjudication or notice-and-comment rulemaking" procedures found in the APA)."  *Patel v. U.S. Dept. of State*, No. 11-cv-6-wmc, WD WI, 2013 U.S. Dist. LEXIS 108592, Aug. 2, 2013 at *13-14, emphasis added.

50. Plaintiffs assert that Defendants' updated language of 7 FAM 1133.5 falls outside the scope of the applicable federal statutes as it imposes an additional "intent" element/requirement

upon the United States citizen parent.

51. Plaintiffs assert that Defendants' updated language to the FAM has not risen to the level of Department policy/guidelines as evident from the public information provided by United States Embassies throughout the world which evidences a non-reliance on the updated language of the FAM to adjudicate claims to United States citizenship by individuals born abroad to two United States citizen parents.

52. Plaintiffs assert that Defendants Names Unknown denial of the Consular Report of Birth Abroad Applications and revocation of the Consular Report of Birth Abroad has not only been done in bad faith, it has also exceeded their authority.

53. Plaintiffs assert that Defendants Names Unknown denial of the Consular Report of Birth Abroad Applications and revocation of the Consular Report of Birth abroad was an intentional disregard of applicable law.

54. Plaintiffs have included within the next four (4) paragraphs the applicable federal statutes and sections of the FAM which will be discussed and analyzed throughout this complaint. Preliminarily, however, note that there is no federal regulation defining "residence" for INA Sec. 301(c) purposes. Further, it must be emphasized that the FAM is not "law," but rather sub-regulatory, non-binding guidance, as stated above.

55. 7 FAM 1133.5 provides, in part, as follows:

> b. Residence is not determined solely by the length of time one spends in a place, but also takes into account the nature and quality of the person's connection to the place. This is a very fact-specific test. However, at all times and in all cases, residence involves the connection to a specific physical place. Residence is not a state of mind that travels with a person. Department guidance clearly states that residence is more than a temporary presence and that visits to the United States are insufficient to establish residency for the purposes of citizenship transmission under INA 301(c). See 7 FAM 1134.3-2.

c. Section 101(a)(33) of the INA defines residence as the person's "place of general abode [meaning] his principal actual dwelling place in fact, without regard to intent." Under this definition, residence is much more than an address -- e.g., a Post Office box is not a place of general abode or a dwelling place - - it is one's principal actual dwelling place.

d. Owning or renting property in the United States is not a pre-condition for proving a residence. Similarly, owning or renting property outside of the United States is not necessarily incompatible with having a residence in the United States. Where a person owns or rents property is certainly relevant information that could help a consular officer make a determination of whether a person has or has not had a residence in a particular place, but other evidence is important as well -- e.g., evidence that shows that the person actually lived in that property and conducted normal daily activities of life there. In other words, evidence that shows it is one's principal actual dwelling place.  7 FAM 1133.5

f. While the definition of residence is not dependent on a specific time period in the United States, the longer the duration of a person's stay in a particular place in the United States (e.g., six months or more), the more likely it is that that place can be characterized as the person's residence.  On the other hand, if the stay at a place in the United States was relatively brief (e.g., a few months or less), the in order for that place to be considered a "residence" additional evidence may be required to show why the stay, through brief, was other than a temporary visit.

56. 7 FAM 1133.3-1(2) provides as follows:

A child born abroad to two U.S. citizens acquires U.S. Citizenship at birth if, before the child's birth, one of the parents had a residence in the United States or its outlying possessions.  ***No specific period of residence is required.***  See 7 FAM 1133.55 for specific guidance for determining acquisition of U.S. citizenship by children born abroad to two U.S. citizen parents under INA 301(c).  7 FAM 1133.3-1(2) [Emphasis added.]

57. Section 1401(c) provides that a person shall be considered a United States national and

citizen at birth if: :

 [Said] person [is] born outside of the United States and its outlying possessions [to] parents both of whom are citizens of the United States and one of whom has had a residence in the United States or one of its outlying possessions, prior to the birth of such person[.]  8 U.S.C. § 1401(c)

58. Additionally, Title 8, United States Code, Section 1101(a)(33) defines residence as:

> [T]he place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, ***without regard to intent***.  8 U.S.C. § 1101(a)(33). [Emphasis added.]

59. Plaintiffs base this complaint on four  (4) grounds: 1) the reliance and imposition of an additional "intent" element/requirement by Defendants Names Unknown to deny and revoke Plaintiff's Consular Reports of Birth Abroad submitted prior to the October 5, 2012 amendment and updates to 7 FAM 1133.5,  was unfounded and unsubstantiated as such reliance and imposition was outside the scope of the applicable federal statute and existing Department regulations; 2) the Defendants'  amendment and updates to the FAM, specifically 7 FAM 1133.5, are unfounded and non-compliant with the Defendants' own internal guidelines as laid out in the FAH; 3) the updated language of 7 FAM 1133.5 falls outside the scope of the applicable federal law as it imposes an additional element/requirement of "intent" upon the United States citizen parent; and 4) the updates to the FAM have not risen to the level of Department policy/guidelines as evident from public information provided by United States Embassies throughout the world.

60. Plaintiffs will address each basis separately and in the order provided above.

61. **Ground 1:** Title 8, United States Code, Section 1101(a)(33) defines residence as "the place of general abode . . . ***without regard to intent***" (emphasis added.)   As of the date of this complaint, no evidence exists to indicate that Section 1101(a)(33) has been amended to impose an "intent" element/requirement or that such an additional "intent" element/requirement existed prior to October 5, 2012 and at the time of adjudication of

various of the Consular Reports of Birth Abroad subject matter of this complaint[4].  Without the existence of an "intent" element/requirement, Plaintiffs contend and argue that the underlying basis for the denials and revocations of those Consular Reports of Birth Abroad submitted prior to the October 5, 2012 amendment and updates to the FAM (i.e., 7 FAM 1133.5), were unfounded and unsubstantiated as the additional imposition of an "intent" element/requirement fell outside the scope of the applicable federal statute.  Defendants had a duty (and continue to have a duty) to apply federal law "as is" without adding or imposing additional elements or requirements not provided for in the federal statute, especially when the statute in question does not provide language allowing for the deviation of the statute's original intent.  In looking at the basis for the denial and revocation of the corresponding Consular Reports of Birth Abroad, Plaintiffs contend and argue that  Defendants Names Unknown imposed an additional "intent" element/requirement which was unfounded and unsubstantiated; thereby, lacking legal basis.   Given the fact that the applicable federal law, at the time of the denials and revocations, did not impose an "intent" element/requirement, Plaintiffs assert that by submitting and presenting evidence indicative of their presence in the United States they have met the requirements of  8 U.S.C. § 1401(c), 8 U.S.C. § 1101(a)(33).

62. Because amendment and update 7 FAM 1133.5 (*see supra* (13)) became effective on October 5, 2012, this equally unfounded and unlawful amendment/update (legality to be argued *infra*) was not a part of the FAM when various of the  Consular Reports of Birth Abroad, subject matter of this complaint, were denied and revoked..  Therefore, Plaintiffs

---

[4] 7 FAM 1131.1-2 states in part as follows: "The law applicable in the case of a person born abroad who claims citizenship is the law in effect when the person was born unless a later law applies retroactively to person who had not already become citizens."

assert that Defendants Names Unknown lacked authority to impose additional elements/requirements than those laid out and provided for by the applicable federal statute.

63. Based on the previous, and because the amendment and updates to 7 FAM 1133.5 occurred on October 5, 2012, adjudication of various of the Consular Reports of Birth Abroad, subject matter of this complaint, should have been determined pursuant to and in accordance with the requirements laid out in the applicable federal statute; federal statute which clearly indicated at the time of adjudication (and continues to indicate) that an individual's residence is not to be determined based on his/her *intent*.  (emphasis added)

64.   In conclusion, Plaintiffs assert that by utilizing and relying, as the basis of their denials and revocations, on the imposition of an element/requirement of "intent", Defendants Names Unknown applied an element not provided for in the applicable federal statute or Department guidelines.  As such, the denials and revocations of those Consular Reports of Birth Abroad submitted prior to the October 5, 2012 amendment and update to the FAM are unfounded and unsubstantiated as they lack legal basis.

65. **Ground 2:** Criteria for updating the FAM and FAH have been laid out by the handbook at 2 FAH-1 H-111.4.  In said section, the handbook identifies three (3) events/circumstances that would trigger an update to the FAM or FAH.  Those three (3) events/circumstances include: 1) out-of-date information; 2) a change to an office name, structure, functions, or organizational units, and 3) a change to a statute, regulation, law or to its interpretation.  *Id.* at 3.  Specific to the case at hand is criteria #3 as the handbook clearly indicates that such a "trigger" event would necessitate an update to the relevant FAM guidance and/or instruction.  *Id.*  Plaintiffs are not aware of any amendment to the federal statutes applicable

to the case at hand, specifically 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33).   The language of the statutes cited to and included *supra* at (13) and (14) is current and up to date.   Plaintiffs are not aware of any new interpretation, stemming from a new legal precedent, to the federal statutes applicable to the case at hand, specifically 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33).   Furthermore, when looking at the current version of the FAM, the wording of 7 FAM 1133.3-1(2) parallels the wording of 8 U.S.C. § 1401(c); thus, Plaintiffs contend and argue that had there been any amendments or new interpretations to 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33), those changes should have been reflected in 7 FAM 1133.3-1(2).

66. Additionally, Plaintiffs assert that even under the other two criteria previously identified *supra* at 18, the Defendants have no basis for updating the FAM, specifically 7 FAM 1133.5.   Again, no evidence exists that 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33) have been amended so as to warrant that they be identified as "out of date" and no evidence exists to indicate that there has been a change to any office, structure, or unit.

67. Based on the previous, Plaintiffs assert that the updates to the FAM are unfounded, unsubstantiated, and non-compliant with the Defendants' own internal guidelines.   The updates are unfounded and unsubstantiated as they lack basis for their implementation considering the fact that no evidence exists that 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33) have been amended to include an additional element/requisite of "intent". Furthermore, no evidence exists to indicate that new legal precedent has ushered a new interpretation of 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33).   Thus, Plaintiffs assert that the Defendants have failed to comply with their own internal guidelines for updating the

FAM.

68. **Ground 3:** The updated language of 7 FAM 1133.5 (*see supra* (13)) falls outside the scope of the applicable federal law as it imposes an additional "intent" element/requirement upon the United States citizen parent.

69. Currently as it stands, Section 1401(c) requires that at least one of the United States citizen parents have resided in the United States.  8 U.S.C. § 1401(c).  In order to gain a better understanding of the requirements of the previously identified section, Section 1101(a)(33) defines residence as the principal dwelling place, ***without regard to intent***.  8 U.S.C. § 1101(a)(33) (emphasis added.)  Plaintiffs assert that since the current language of the relevant federal statutes do not impose an element/requirement of intent, the current language of the FAM, which imposes an element/requirement of intent upon the United States citizen parent, falls outside the scope of the statute.

70. When looking closely at the language of 7 FAM 1133.5, including the examples provided therein, it is evident that the Defendants' updates to the FAM fall outside the scope of 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33).  Section (b) of 7 FAM 1133.5 (*see supra* (13)) states, in part, that residence "is not determined solely by the length of time one spends in a place, but also takes into account the nature and quality of the person's connection to the place."  7 FAM 1133.5(b).  Because the argument can be made that this part of the section incorporates the element/requirement of "intent" to make a given place a home and community, Plaintiffs assert that section (b) has created a "threshold" inquiry for determining whether the United States citizen parent's has satisfied the "residence" requirement based on the parent's "intent" to settle down in a given place, establish personal

relations with the community, and become an active member of society.  This inquiry and analysis, imposed by the Defendants' updated FAM language, is outside the scope of the relevant federal statutes, specifically when the language of Section 1101(a)(33) clearly states that residence is an individual's principal dwelling place "without regard to intent."  8 U.S.C. § 1101(a)(33).

71. Section (d) of 7 FAM 1133.5 (*see supra* (13)) states, in part, that some of the evidence that a consular officer can look at to determine if the "residence" requirement has been met is "evidence that shows that the person actually lived in that property and ***conducted normal daily activities of life there***."  7 FAM 1133.5(d) (emphasis added.)  When read carefully, this part of section (d) requires that the United States citizen parent be present at his/her principal place of dwelling and ***live*** there – i.e., perform the normal daily activities.  Because an argument can be made that the combined act of living and conducting normal daily activities of life requires that an individual have the intent to perform those activities, Plaintiffs assert that section (d) has created a "threshold" inquiry for determining whether a United States citizen parent has satisfied the "residence" requirement based on the parent's "intent" to ***live*** in the United States, i.e., the less temporary/transient the United States parent's activities are, the more likely that he/she will be considered to have met the "residence" requirement.  This inquiry and analysis, imposed by the Defendants' updated FAM language, is outside the scope of the relevant federal statutes, specifically when the language of Section 1101(a)(33) clearly states "without regard to intent."  8 U.S.C. § 1101(a)(33).

72. Furthermore, Plaintiffs assert that establishing a "threshold" inquiry dependent on the

United States citizen parent's intent to live in the United States is contradictory to the purposes of 8 U.S.C. § 1401(c) primarily because there would be very little basis for having a law that grants citizenship to a child born abroad if satisfying the "residence" requirement is dependent on how much evidence the child's United States citizen parent can present of his/her life in the United States.  Pursuant to the current language of 7 FAM 1133.5(d), the more evidence a United States citizen parent can present that he/she has been conducting normal daily life activities in the United States (i.e., the intent to live in the United States), the more likely that the "residence" requirement will be met.  Thus, the argument can be made that the more time an individual lives in the United States, the more likely that the ***normal daily activities of life*** (such as having a child) would occur in the United States.

73. Section (f) of 7 FAM 1133.5 (*see supra* (13)) states, in part, that the duration of an individual's stay in a  given place in the United States is a factor to be considered when determining if the "residence" requirement has been met by the United States citizen parent. 7 FAM 1133.5(f).  The section goes on to state that the more time an individual has stayed in a given place (i.e., six months), the more likely that place will be characterized as a "residence".  When read carefully, this part of section (f) requires that the United States citizen parent have the "intent" to stay in a given place for a long period of time if he is to satisfy the "residence" requirement.  As such, Plaintiffs assert that section (f) has in effect created a "threshold" inquiry into a United States citizen parent's intent – the longer the United States citizen parent intended to stay in a given place the United States, the more likely that said given place will be considered his residence.  Hence, this inquiry and analysis, imposed by Defendants' updated FAM language, is outside the scope of the

relevant federal statutes, specifically when the language of Section 1101(a)(33) clearly

states that a residence is an individual's principal dwelling place "without regard to intent."

8 U.S.C. § 1101(a)(33).

74. **Ground 4:** Pursuant to public information provided in their websites, United States

embassies throughout the world are not relying on the updated language of the FAM,

specifically 7 FAM 1133.5, to adjudicate claims to United States citizenship by individuals

born abroad to two United States citizen parents.

75. In their websites, United States embassies provide information to the public on reporting a

birth abroad/reporting a child born abroad – the application process for a Consular Report of

Birth Abroad.  The public information provided by these embassies ranges from the types of

documents needed to adjudicate the application to the requirements that must be met before

a Consular Report of Birth will be issued by the government.  Below is a list of some of

these embassies and the language provided in their websites.

76. Up until very recently, the website for the Embassy of the United States Santiago, Chile

provided, in part, as follows:

> Your child can claim U.S. citizenship if the child meets ONE of the following
> conditions at birth:

> > "BOTH of the child's biological parents are U.S. citizens **who have spent
> > any amount of time** in the United States." (Emphasis added.)

Recently, the language on the same website was changed (despite the fact that there

has been no statutory, regulatory or caselaw change) to read:

> > "BOTH of the child's biological parents are U.S. citizens and one of you
> has **resided in the United States at some point** prior to the child's birth."
> (Emphasis added.)

http://chile.usembassy.gov/birth_abroad3.html

77. The website for the Embassy of the United States Luxembourg provides, in part, as follows:

    1)    <u>Born to two U.S. citizen parents</u>

> If either parent has resided in the United States prior to the birth of the child, the child acquires U.S. citizenship under the provisions of Section 301 (c) of the United States Immigration and Nationality Act.  There is **no requisite period of residence for the parents in the United States** (***one day is sufficient***), but must have been at some time prior to the child's birth.  http://luxembourg.usembassy.gov/birth_abroad.html (Emphasis added.)

78. The website for the Embassy of the United States Lima, Peru provides, in part, as follows:

> **Birth to Two U.S. Citizen Parents**
>
> A child born to two U.S. citizen parents abroad acquires citizenship at birth, so long as either parent had a residence in the United States or its possessions sometime before the child's birth.  **There is no specific length of physical presence required.**  http://lima.usembassy.gov/birth_abroad.html  (Emphasis added.)

79. Additionally, other United States embassies' webpages make absolutely no mention or reference to the update language of the FAM, specifically 7 FAM 1133.5, in their report a birth/register birth abroad section.  Please see Embassy of the United States Jordan which states in part as follows:

> **Please Note:**  To apply for the CRBA and passport, all documents you present must be either originals or certified copies.  You will need the following:

    1.  Appearance in person of BOTH parents AND the child.  The child being reported, and both parents, must appear in person at the Embassy.  If one parent is not in Jordan, he or she may submit a notarized letter authorizing the other parent to apply for the CRBA and/or passport.  This letter must state the child's name, the name of the parent not present, and it must be signed and notarized by a U.S. notary or at the nearest U.S. embassy or consulate.  The standard from for this purpose is called a Form DS-3053 - Statement of Consent (PDF 157 KB).

2. Completed Form DS-29 – Application for Consular Report of Birth Abroad (PDF 53KB). Instructions on how to complete Form DS-29 are given on the reverse side of the form.  Please DO NOT SIGN the form until instructed by the Consular Officer to do so.

3. Birth certificate issued by the Jordanian authorities - with translation if not in English.  The original Jordanian birth certificate is issued by the Department of Civil Registration (Da'irat Al-Ahwal Al-Madaniyyah) on the basis of a "Notification of Birth" form issued by the hospital.

4. The marriage certificate - with translation if not in English.  If the parents are not married, please contact us to ask about special requirements.

5. Evidence of the termination of any previous marriages - with translation if not in English.  Normally, such evidence consists of a divorce order, annulment decree, or death certificate.

6. Evidence of the U.S. citizenship of both parents.  Such evidence normally consists of U.S. passports, naturalization certificates or birth certificates from the United States. (http://jordan.usembassy.gov/acs_report_birth.html)

80. See also Embassy of the United States Guatemala which states in part as follows:

In order to complete a Report of Birth the American citizen parent(s) and the child should appear personally at Window 3, the day of the appointment, at the Consular Section, with the following:

- Complete Form DS-2029, Application for Consular Report of Birth Abroad of a Citizen of the United States of America.

- Original Guatemalan birth certificate (Certificación de Nacimiento, NOT the boleta) issued by RENAP.

- Both parents' passports and U.S. Certificate(s) of Naturalization, if applicable.

- Original evidence of valid marriage of the parents, if applicable. If married in Guatemala, the marriage certificate from RENAP is required.

- Evidence of the termination of any prior marriage of either parent (divorce documents or death certificates).

- Evidence of the American parent's physical presence in the United States prior to the child's birth. For most children born on or after November 14, 1986, to one American citizen parent and to one non-American parent, the American parent must demonstrate a total of 5 years physical presence in the U.S., with at least 2 of the 5 years occurring after the parent reached the

age of 14 (exceptions may apply). Documents such as School Transcripts/Diplomas, Social Security Earning Statements, Tax Information can be presented as evidence of residency in the U.S. The American parent will need to fill out an Affidavit of Parentage, Physical Presence and Support form. (http://guatemala.usembassy.gov/birth_abroad.html)

81. See also Embassy of the United States Singapore which states in part as follows:

If you believe transmission requirements have been met, please schedule an appointment. The day of the appointment you must submit **originals and copies** of the following:

- **Evidence of Parents' Citizenship and Identity** (2 copies): A current passport is the preferred form of proof. A naturalization certificate, or official U.S. birth certificate is acceptable, but you must also present photo identification.
- **Child's Birth certificate** (2 copies)
- **Evidence of parents' marriage**, if applicable (1 copy)
- **Evidence of termination of all prior marriages of parents**, if applicable (1 copy): divorce decree(s) or death certificate(s).
- **English translation**: All supporting documents in a foreign language must be translated into English.
- **Completed application for Consular Report of Birth Abroad**: Form DS-2029
- **Application for a U.S. passport**: Form DS-11
- **One U.S. passport-sized photo**: 2" X 2" with a white background showing the child's full face with the eyes open. If the child is being held up in front of a camera, please ensure that no part of the child's head or face is obstructed.
- **Social Security Card Application**: Form SS-5-FS (PDF_56.5KB)

In some cases the following information may be required

- **Evidence of U.S. citizen parents' physical presence in the U.S.(1 copy):** This is **required when only one parent is a U.S. citizen** even if that parent was born in the U.S. Merely maintaining a residence in the U.S. (i.e. having a home in the U.S., maintaining voter registration, etc.) is insufficient. The law requires that you must actually be in the U.S. for a total of five years, with 2 of these years being after the age of 14. Examples of documents that can help demonstrate your presence in the U.S. include, but are not limited to, a combination of some of the following: property rental leases and payment receipts, deeds, utility bills, property tax records, automobile registrations, professional licenses, employment records or information, income tax records, stamped school transcripts, military records, income

records, including W-2 salary forms, and vaccination and medical records. ([http://singapore.usembassy.gov/birth_abroad.html](http://singapore.usembassy.gov/birth_abroad.html))

82. See also Embassy of the United States India which states in part as follows:

Required Documents

Parents typically choose to apply for the child's U.S. passport at the same time they apply for the Consular Report of Birth Abroad. The list below covers both the Consular Report of Birth Abroad, and the U.S. passport.

Please bring the following original items to the interview:

- Proof the parents' identity and citizenship such as U.S. or other passports.
- Child's original birth certificate issued by the local authorities (including English translation, if applicable). The birth certificate must include the name of the child.
- Two (2) photo studio quality photographs of the child, 2" x 2" in size and taken against a light background. The child must be facing forward with his/her ears showing and eyes open. More here.
- Prenatal and hospital records (e.g., ultrasounds, prescriptions, evidence of pre-natal doctor visits, hospital discharge documents, vaccination card, etc.). Applicants using surrogacy or ART services should also read here.
- The parents' marriage certificate, or other proof of their relationship prior to the child's conception. (This is not required if the mother of the child is a U.S. citizen.).
- Proof of the U.S. citizen parent's physical presence in the U.S. (This is not required if BOTH parents are U.S. citizens.) For children born to one U.S. citizen and one foreign national, the U.S. citizen parent will need to show five years of CUMULATIVE physical presence in the U.S., two of which must be after the age of 14. Examples of items that show physical presence are school transcripts, income tax returns with Form W-2, Social Security earnings history, pay receipts, passport entry/exit stamps in current and previous passports, etc.
- If also applying for a passport (see below) and only one parent is present in India, the other parent must complete Parental Consent Form DS-3053. This form must be notarized and submitted with a notarized copy of the absent parent's photo ID (their passport is preferred).
- Complete and print the following forms online before coming to your appointment but **Please Do Not Sign The Forms Until Directed To Do So By A Consular Officer**.

DS-2029, Application for Consular Report of Birth Abroad (PDF 52KB)
Form SS-5-FS Application for a Social Security Card (PDF 55KB)

Form DS-11 Application for a U.S. Passport
(http://newdelhi.usembassy.gov/service/reporting-births-and-citizenship-questions.html)

83. Based on the previous, Plaintiffs assert that besides finding the updates to the FAM unfounded, unsubstantiated, outside the scope of the relevant federal statutes, said updates have not risen to the level of department policy or guidance. As the websites identified above, and which in no manner represent an all-inclusive list, indicate there is no "one" implementation process of the updated FAM's threshold inquiry into the "intent" of the United States citizen parent seeking the issuance of a Consular Report of Birth Abroad. What these websites do indicate is a consensus among United States embassies to follow the language of 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33); a consensus to apply federal law as is without imposing additional elements/requirements; a consensus to apply the law in a fair and just manner – without surprises or undue hardships.

84. Defendants' updates to the FAM have, and continue to, trample with the Plaintiffs' fundamental liberties, protected by the Due Process clause, and causing substantial emotional and economic harm and damages to the Plaintiffs[5]. Defendants' updates to the FAM, adding a "threshold" inquiry into the "residence" requirement of a United States citizen parent, are unfounded, unsubstantiated and have no basis under the law. Additionally, Defendants' updates to the FAM, specifically the "threshold" inquiries of 7 FAM 1133.5, are outside the scope of federal law, specifically 8 U.S.C. § 1401(c) and 8 U.S.C. § 1101(a)(33). Furthermore, Defendants' updates to the FAM have not risen to the

---

[5] In addition to the emotional and economic harm and damages suffered from the previously identified denials and revocations, please note how the Defendants' unfounded and unsubstantiated actions have added additional stress and confusion on those Plaintiffs who have "divided" families - some of their children have CRBAs and United States passports while others have Israeli citizenship.

level of Department policy/guidelines as evident from the public information provided by United States embassies throughout the world.

85. The result of such actions by the Defendants has led to their wilful, deliberate, and wrongful misapplication of the law.   Specifically, Defendants Names Unknown, have wilfully, deliberately, and wrongfully misapplied the law and such misapplication has resulted in the refusal of the issuance of the corresponding Consular Reports of Birth Abroad and the wrongful revocation of approved Consular Reports of Birth Abroad to the Plaintiffs.   In short, Defendants have denied U.S. citizenship to Plaintiffs by misinterpreting the 'residence' requirement of INA Sec. 301(c).

## INJURY TO PLAINTIFFS

86. Plaintiffs have been greatly damaged by Defendants' actions:

(a)      Defendants' unlawful actions have trampled Plaintiffs' fundamental liberties, including their right to United States citizenship, thereby damaging their mental, emotional, and financial well-being.

(b)      Defendants, in violation of the Administrative Procedures Act, 5 USC section 701 *et seq.*, are unlawfully refusing to approve and issue Plaintiffs the corresponding Consular Reports of Birth Abroad.

(c)      Plaintiffs have made inquiries in an attempt to resolve this matter to no avail. Accordingly, Plaintiffs have been forced to sue for their rights to U.S. citizenship.

(e)      Plaintiffs have thus suffered, and will continue to suffer, irreparable injury for which they have no adequate remedy at law.   If the relief prayed for is not granted, Plaintiffs will suffer continued unlawful interference with their right to

United States citizenship, and accompanying mental, emotional, and financial hardship.

## CLAIMS

### Violation of Due Process – All Defendants

69. Plaintiffs incorporate paragraphs 1 through 82 above, as if fully set forth herein.

70. By wilfully, deliberately and wrongfully misapplying and executing current federal law, as well as violating their own internal guidelines, Defendants have improperly violated Plaintiff's fundamental rights, which are protected by due process.

### Administrative Procedure Act – All Defendants

71. Plaintiffs incorporate paragraphs 1 through 82 above, as if fully set forth herein.

72. Plaintiffs are aggrieved by Defendants' actions under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* By refusing to follow and correctly apply federal law, and by wilfully, deliberately, and wrongfully applying the unfounded and unsubstantiated updates to the FAM, Defendants have, and continue: (a) to act arbitrarily and capriciously; and, (b) to withhold unlawfully non-discretionary agency action, in violation of 5 U.S.C. § 706.

### RELIEF REQUESTED

Plaintiffs pray that this Court:

(1)     Accept jurisdiction over this action;

(2)     Order Defendants to compile the administrative records of the Plaintiffs' CRBA cases, and to file said records with the Court and Plaintiffs;

(3)     Declare that Defendants' actions, challenged herein, have violated the Administrative Procedure Act;

(4)    Enjoin Defendants from continuing to act in derogation of applicable law;

(5)    Order Defendants to issue CRBAs to all Plaintiffs;

(6)    Grant attorneys' fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(7)    Grant such other and further relief as the Court finds proper.

                    Respectfully submitted,



                    By: _____

                    s/ Daniel M. Kowalski
                    Daniel M. Kowalski
                    Bar Number: **TX0115**
                    The Fowler Law Firm, PC
                    919 Congress Avenue, Suite 900
                    Austin, Texas  78701
                    E-mail: dkowalski@thefowlerlawfirm.com
                    Telephone: 512-441-1411
                    Facsimile: 512-469-2975
                    COUNSEL FOR PLAINTIFFS

                    Assisted by:

                    Enrique A. Maciel-Matos, Esq.
                    The Fowler Law Firm, PC
                    919 Congress Avenue, Suite 900
                    Austin, Texas  78701
                    E-mail: emaciel@thefowlerlawfirm.com
                    Telephone: 512-441-1411
                    Facsimile: 512-469-2975

                    Michele Coven Wolgel, Esq.
                    Mitzpe Nevo 27/6
                    Maale Adumim, Israel
                    www.wolgelaw.co.il